# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

PATRICK ROAN,              )
                                       )
          **Plaintiff,**          )
                                       )
     **v.**                  )     **No. 3:12-00982**
                                       )     **Judge Sharp**
**SONIC RESTAURANTS, INC.**    )
                                       )
          **Defendant.**        )

## ORDER

In this action, Plaintiff Patrick Roan alleges that Defendant Sonic Restaurants, Inc. ("Sonic") discriminated against him because he is a "Black American," in violation of Title VII, 42 U.S.C. § 2000e.q. He also claims that Sonic violated the Equal Pay Act, 29 U.S.C. § 206(d)(1), by reducing his work hours and making him ineligible for a bonus.

Magistrate Judge Knowles has entered a Report and Recommendation ("R & R") (Docket No. 77), recommending that Sonic's Motion for Summary Judgment (Docket No. 61) be granted. He does so for both procedural and substantive reasons.

Procedurally, Plaintiff wholly failed to comply with the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56.01 because his response includes numerous exhibits, the majority of which are handwritten notes, and none of which were verified or otherwise presented in a form admissible at trial. Moreover, Plaintiff made no effort to respond to the specific facts identified in Defendant's Statement of Undisputed Facts.

Substantively, Magistrate Judge Knowles reasons that Plaintiff's Title VII claim fails because he has proffered no admissible evidence suggesting his "color" had anything to do with his

reduced hours and consequential lack of bonus. Moreover, Sonic articulated legitimate non-discriminatory reasons for its decision (the increase in the federal minimum wage and decline in sales volume during the recession, coupled with the scheduling conflicts presented by Plaintiff's inability to work certain critical days and times), and Plaintiff failed to present evidence to suggest that those reasons were pretextual. As for his EPA claim, that fails because Plaintiff has not shown he was paid differently than other Associate Managers on account of his gender.

Having considered the record and undertaken the *de novo* review required by Rule 72(b) of the Federal Rules of Civil Procedure, the Court agrees with the recommended disposition. In doing so, the Court has considered Plaintiff's "Response to Report and Recommendation" (Docket No. 79) and his "Respon[se] to Defendant's Response in Opposition to Objections," (Docket No. 82). Both are procedurally defective, and neither support the conclusion that Magistrate Judge Knowles erred in recommending that this action be dismissed.

The first "Response" begins by stating that Plaintiff has "more facts and evidence for the courts," (Docket No. 79 at 1), but the time for presenting facts, or at least challenging the facts set forth by Sonic, has long since past. Regardless, and not withstanding that Magistrate Judge Knowles noted the deficiencies in Plaintiff's filings in response to Defendant's Motion for Summary Judgment, the exact same deficiencies appear in the Response – the handwritten notes and purported exhibits are not verified.

The exhibits to the second "Response" are also not verified, although a handwritten letter is, and includes the statement "everything I sent has to true [sic] and under oath." (Docket No. 82 at 4). Obviously, that general assertion, verified or otherwise, does not suffice to make the entirety of what has been filed to date admissible or authentic. Regardless, it comes too late. Additionally,

the letter, addressed to Magistrate Judge Knowles, is full of conclusory statements and does not come close to meeting the requirement that a party "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

While the Court recognizes that *pro se* filings must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), "those who proceed without counsel must still comply with the procedural rules that govern civil cases." Frame v. Superior Fireplace, 74 F. App'x 601, 603 (6th Cir. 2003) (citing McNeil v. United States, 508 U.S. 106 (1993)). Plaintiff has wholly failed to comply with the rules governing summary judgment. And, even considering the unverified exhibits, he has failed to raise a genuine issue that he was treated differently because of his "color," or that he was paid less because of his gender.

Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 77) is hereby ACCEPTED AND APPROVED;

(2) Defendant's Motion for Summary Judgment (Docket No. 61) is hereby GRANTED; and

(3) Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

The Clerk of the Court shall enter an appropriate judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

Kevin H. Sharp

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE